RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2020 JUL 13 P 1: 19

DEBRA P. HACKETT, CLK
MIDDLE DISTRICT ALA.

MONICA REYNOLDS,                          )
                                          )
        Plaintiff,                        )
                                          )        Civil Action No.  **1:20-cv-00492**
vs.                                       )
                                          )
HOUSTON COUNTY HEALTH CARE                )        **JURY DEMAND**
AUTHORITY d/b/a SOUTHEAST HEALTH,         )
                                          )
        Defendant.                        )

---

## COMPLAINT

### I. JURISDICTION

1.  This is a suit for relief from discriminatory demotion and termination of employment instituted pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"); §504 of the Rehabilitation Act of 1973, 29 U.S.C. §791 *et seq.* ("the Rehabilitation Act"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); and the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA").   Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2.    Plaintiff Monica Reynolds ("Plaintiff") timely filed a charge of discrimination against defendant Houston County Health Care Authority d/b/a Southeast Health ("Defendant") with the Equal Employment Opportunity Commission

within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Tarrant County, Texas.

4. Defendant is a not-for-profit community health care system based in Dothan, Houston County, Alabama. It is and was at all times relevant to this complaint an employer as contemplated under the ADA, Title VII, and FMLA.

## III. STATEMENT OF FACTS

5. Plaintiff is female.

6. Defendant owned and operated Southeast Health Medical Center in Dothan, Alabama during the events relevant to this case.

7. In 2010, Plaintiff became employed by Defendant at Southeast Health Medical Center.

8. Plaintiff's last position was Security Supervisor on third shift.

9. Plaintiff's last supervisor was Steve Smith.

10. Smith is male.

2

11.  Plaintiff was involved in a motor vehicle accident in December of 2018 and another one in March of 2019.

12.  As a result of the accidents, Plaintiff suffered bulging discs in her cervical spine.

13.  In May of 2019, Plaintiff applied for intermittent FMLA leave for flare-ups from this injury.

14.  Defendant approved the leave retroactive to March of 2019 and through July 20, 2019.

15.  After Plaintiff was approved for FMLA leave, Smith began to interfere with Plaintiff taking leave and harassing her about it.

16.  In June of 2019, Plaintiff complained to Defendant's FMLA Coordinator, Laurie Skipper, about Smith doing so.

17.  Smith continued to interfere with and harass Plaintiff about taking FMLA leave into July.

18.  On or about August 28, 2019, Smith and his supervisor, Vice-President of Support Services Meredith Holland, gave Plaintiff a final written warning and demoted her to Security Officer on second shift.

19.  The discipline and demotion were based on the claim that Plaintiff had failed to provide standby to a psychiatric patient on August 9, 2019.

3

20. The claim was false and pretextual.

21. Plaintiff told Smith and Holland that she had not refused to sit with the patient but had only asked for an opportunity to take needed medication that was prescribed for her spinal injury.

22. The demotion would have resulted in a 20% pay cut to Plaintiff.

23. Further, Plaintiff was unable to work second shift due to child care obligations.

24. Smith knew this.

25. Plaintiff stated to Smith and Holland that she could not work second shift and that Smith was aware of that.

26. Plaintiff was not given any alternative to taking the demotion and working second shift.

27. Due to the pay cut and hours she could not work, Plaintiff had no choice but to resign and did so.

28. Plaintiff was replaced with a male who had just become eligible to be made a supervisor on August 25, 2019.

## IV.  CAUSES OF ACTION

## COUNT I

## ADA

29.  Paragraphs 1-28 are incorporated herein.

30.  Plaintiff's cervical spine injury constitutes a physical impairment under the ADA and did so during her employ with Defendant.

31.  Due to this impairment, Plaintiff was and is substantially limited with respect to the major life activity of the major bodily function of her musculoskeletal system.

32.  Plaintiff was and is disabled under the ADA.

33.  Plaintiff was and is a qualified individual able to perform the essential functions of her position, with accommodation.

34.  Defendant violated Plaintiff's rights under the ADA by demoting her and constructively discharging her because of:

(a) retaliation for her request for a reasonable accommodation for her disability in the form of intermittent leave as caused by her disability and/or the provision of that leave;

(b) retaliation for her complaints about interference and harassment with regard to her taking that leave; and/or

5

(c) as a result of Defendant's failure to provide a reasonable accommodation to Plaintiff for her disability in not permitting her to take medication for her disability, as set forth above.

35.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)   That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## REHABILITATION ACT

36.   Paragraphs 1-28 and 30-33 are incorporated herein.

37.   During the relevant events of this case, Defendant was a recipient of federal financial assistance for purposes of the Rehabilitation Act.

38.   During the relevant events of this case, Defendant was therefore a covered entity under the Rehabilitation Act.

39.   Defendant violated Plaintiff's rights under the Rehabilitation Act by demoting her and constructively discharging her because of:

(a) retaliation for her request for a reasonable accommodation for her disability in the form of intermittent leave as caused by her disability and/or the provision of that leave;

(b) retaliation for her complaints about interference and harassment with regard to her taking that leave; and/or

7

(c) as a result of Defendant's failure to provide a reasonable accommodation to Plaintiff for her disability in not permitting her to take medication for her disability, as set forth above.

40.  Defendant intentionally discriminated against Plaintiff in taking the action stated above or, alternatively, acted with deliberate indifference.

41.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the Rehabilitation Act;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the Rehabilitation Act;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory damages as a jury may assess, and

8

awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT III

## TITLE VII

42.   Paragraphs 1-28 above are incorporated by reference.

43.   Defendant violated Plaintiff's rights under Title VII by demoting her and constructively discharging her because of her gender.

44.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)   That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing

front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv)  That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## FMLA

45.  Paragraphs 1-28 above are incorporated by reference.

46.  Defendant was a covered employer under the FMLA during the course of events set forth above.

47.  Plaintiff was an eligible employee under the FMLA during the course of events set forth above, to-wit:

(a) Plaintiff had been employed by Defendant for at least 12 months;

(b) Plaintiff had worked at least 1,250 hours in her service to Defendant; and

(c) Plaintiff was employed at a worksite where 50 or more employees were employed by Defendant.

48. Plaintiff's cervical spine injury constituted a serious health condition under the FMLA.

49. Defendant interfered with Plaintiff's FMLA rights and/or retaliated against her for exercising those rights by demoting her and constructively discharging her.

50. Defendant knew, or showed reckless disregard for whether, its actions violated the FMLA.

51. Defendant acted in willful violation of the FMLA.

52. As a result of the above described unlawful acts, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the

11

absence of Defendant's violation of her FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, ordering Defendant to pay liquidated damages, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

(iv)  That the Court award such other available legal and equitable relief as is warranted, including, but not limited to, an award of costs and expenses, attorney's fees, and expert witness fees.

Respectfully submitted,

Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff

Defendant's Address:
Houston County Health Care Authority
c/o Chester Sowell, Registered Agent
1108 Ross Circle
Dothan, AL 36301

13